Although I hesitate to hold, as a matter of law, that HWWCE's conduct does not present a claim for outrageous conduct, I am compelled to agree with the majority's opinion because our supreme court has ruled this same way in a remarkably similar case. Our supreme court has held that a claim for outrageous conduct fails as a matter of law under the following facts:
 "[Nail] charges the Market with various acts that he contends were outrageous conduct. These actions include: breaching the agreement to sublease him space in Shed One; failing to send him notice about the sublease; verbally pressuring him to leave the Market; barring him from the Market after the shootout; fencing him out of his business location; towing his trucks and equipment away from the Market; and billing him for storage charges on the equipment."
Nail v. Jefferson County Truck Growers, 542 So.2d 1208, 1214
(Ala. 1988) (emphasis added). Both this case and Nail involve intentional, threatening, deceitful, and physical interference with an individual's attempt to earn one's livelihood by conducting a business. Therefore, I concur because I am compelled to follow the precedent of our supreme court.